**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

UNITED STATES OF AMERICA,

v.

MALIK TASHAWN WILLIAMS,

Defendant.

CASE NO.: 2:26-cr-1-8

**O R D E R**

This matter is before the Court on Defendant Malik Tashawn Williams's Motion for Bond.  Doc. 560.  This Court previously held a detention hearing for Defendant on February 18, 2026, to determine whether Defendant would be detained or released on bond pending trial. Defendant was given the opportunity at the bond hearing to present witnesses and evidence on his behalf and to cross-examine the Government's witnesses and evidence.  Ultimately, the Court found that Defendant should be detained pending trial and issued a Detention Order on February 24, 2026.  Doc. 438.  The Court determined that the Government proved by clear and convincing evidence that no condition or combinations of conditions of release would reasonably assure the safety of any other person and the community.  Id.

In his current Motion, Defendant asks the Court to reopen the detention hearing. Defendant argues that there are conditions that would ensure community safety and Mr. Williams' presence at all court hearings.  Defendant states that his cousin, Taylor Herring, has offered to serve as a third-party custodian and surety for a bond.  Defendant states he could enter into Damascus, a residential treatment facility in Statesboro that had previously offered him placement.  Defendant states he would be willing to participate in an outpatient drug treatment

program, GPS monitoring, and employment requirements, as well as comply with a prohibition of travel restrictions.  The Government has responded in opposition to this Motion.  Doc. 572.

After careful consideration of the Defendant's Motion and for good cause shown, Defendant's Motion is **DENIED**.  The governing statute, states that the Court "may" reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  I decline to reopen the detention hearing in this case for multiple reasons.  First, Defendant has not shown that the information in his Motion "was not known to the Movant at the time of the hearing."  Second, Defendant has not shown that the information in the Motion has a "material bearing" on the issue of detention.  Court conducted a thorough detention hearing on Defendant's previous request for release and determined the clear and convincing evidence showed there are no conditions or combination of conditions that would reasonably assure the safety of others.  At that hearing, Defendant presented evidence of a third-party surety and likely placement in an in-patient treatment program.  Even with that evidence, I granted the Government's Motion for Detention.  Now, Defendant merely offers a different third-party surety.  But Defendant has not shown that the alternative surety would have any material bearing on the issue of bond.  Finally, the Court "may" reopen a detention hearing under § 3142(f), but it is not required to do so.  Ultimately, the information in Defendant's Motion for Bond, doc. 560, does not warrant reopening the detention hearing in this matter.  Accordingly, Defendant is **ORDERED** to remain detained pending trial.

**SO ORDERED**, this 21st day of May, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA